# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RYAN MACYS,**

        **Plaintiff,**

**v.**                                    **Case No: 6:24-cv-1669-WWB-DCI**

**CENTURY GOLF PARTNERS GP LLC,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion for Default Judgment (Doc. 14)
>
> **FILED:** December 13, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff initiated this case against Defendant for alleged violations of the Americans with Disabilities Act (ADA). Doc. 1. By Order dated November 7, 2024, the Court granted Plaintiff's Motion for Clerk's Entry of Default. Doc. 12. Pending before the Court is Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). Doc. 14 (the Motion). The Motion is due to be denied without prejudice.

"Although Rule 55(b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment." *Estes Express Lines v. Coverlex, Inc.*, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Color Events, BV v. Multi Talen Agency, Inc.*, 2018 WL 4762973,

at *1 (M.D. Fla. Sept. 17, 2018)); *see also Reyes v. Gen. US Constr., LLC*, 2022 WL 16963816 *1 (M.D. Fla. Nov. 16, 2022) (reviewing the plaintiff's "motion to assess damages" brought pursuant to Rule 55(b)(1) and denying the request because the motion was insufficient).

A party is not entitled to a default judgment merely because a clerk's default has been entered. Instead, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which allegations are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

First, the Motion is insufficient because Plaintiff brings two counts under the ADA for disability discrimination (Count I) and retaliation (Count II) but does not specify if he seeks default on one or both counts. Plaintiff refers to the ADA but does not otherwise mention his specific claims for relief. *See* Doc. 14. Accordingly, the Court cannot ascertain the exact nature of the relief.[1]

Second, Plaintiff has not provided an adequate legal memorandum or a statement of the basis for the request under Local Rule 3.01(a). Plaintiff's general citations to Rule 55 and Rule 4 do not assist the Court in determining whether relief is due under the ADA.

Third, related to the second deficiency, Plaintiff cites to no authority and gives no analysis to address the elements of his claims under the applicable law. Namely, Plaintiff has not set forth the elements of either a discrimination or retaliation claim under the ADA nor has Plaintiff

---

[1] In his affidavit, Plaintiff states that he incurred damages as a result of Defendant's "willful violation of the Americans with Disabilities Act and the Florida Civil Rights Act[.]" Doc. 14-1. Plaintiff, however, does not mention the Florida Civil Rights Act within the Complaint. *See* Doc. 1. Accordingly, it is not clear if this is a typo or if Plaintiff claims that his Complaint should be construed to include such a claim. If Plaintiff renews the request for default, Plaintiff should clarify the nature of his claims.

demonstrated how the well-pled allegations of the Complaint establish each element. It is not the Court's role to determine which of the allegations in the Complaint satisfy the elements of the claims. *See United States ex. rel. Phoenix Metals Co. v. Worthfab, LLC*, 2020 U.S. Dist. LEXIS 118796, at *2 (M.D. Fla. July 7, 2020) (denying without prejudice a motion for default judgment because the plaintiff did not discuss the elements for each claim, provide citations to authority as to these elements, and support each element by pinpoint citation to the factual allegations in the complaint); *Gonopolsky v. Korchak*, 2007 WL 1549429, at *2 (May 25, 2007) (finding that a motion for default judgment was insufficient because there was no discussion of the elements of each cause of action and how the allegations of the complaint, taken as true, satisfy the elements).

Lastly, Plaintiff has attached an affidavit in support of the request for damages and provides a breakdown of the total amount he seeks. Doc. 14-1. Because Plaintiff does not include an adequate legal memorandum or analysis with respect to ADA and its available remedies, Plaintiff has not demonstrated entitlement to the claimed $45,675.64. Specifically, Plaintiff does not address why he is entitled to lost wages based on anticipated overtime. *See* Doc. 14-1. It is also not clear why work performed after Plaintiff's alleged termination—categorized as "interim earnings"—does not cut off the total number of weeks claimed. In other words, why under the ADA should the Court consider the $19,444.36 as "interim earnings" and allow Plaintiff to apparently resume collecting lost wages after each "interim earnings" period until "permanent employment" was found? To be clear, the Court is not stating that the relief is unavailable, but Plaintiff must provide more information on those "interim earnings," and citation to authority in support of the requested amount.

Should Plaintiff decide to renew the request for default judgment, Plaintiff shall comply fully with Local Rule 3.01(a) and, in particular, address the elements of the causes of action for

which default judgment is sought and the specific, well-pled facts in the operative pleading that satisfy each of those elements. Plaintiff must also address entitlement to the claimed damages under the applicable law.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 14) is **DENIED without prejudice**; and

2. **on or before January 10, 2025**, Plaintiff may file another motion for default judgment in accordance with this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

**Failure to file the motion for default judgment within the allotted time may result in dismissal of this action for failure to prosecute without further notice.**

**ORDERED** in Orlando, Florida on December 17, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties