# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RYAN MACYS,**

        **Plaintiff,**

**v.**                                                  **Case No: 6:24-cv-1669-WWB-DCI**

**CENTURY GOLF PARTNERS GP LLC,**

        **Defendant.**

## ORDER

Plaintiff initiated this case against Defendant for alleged violations of the Americans with Disabilities Act. Doc. 1. Defendant did not respond to the Complaint and on November 8, 2024, the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a). Doc. 13. Defendant moved for default judgment under Rule 55(b) (the Initial Motion), but the Court denied the request because Plaintiff's brief was insufficient. Doc. 15. Pending before the Court is Plaintiff's Second Motion for Final Default Judgment. Doc. 17. (the Motion).

The Court finds that the Motion is still deficient. "Although Rule 55(b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment." *Estes Express Lines v. Coverlex, Inc.*, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Color Events, BV v. Multi Talen Agency, Inc.*, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)); *see also Reyes v. Gen. US Constr., LLC*, 2022 WL 16963816 *1 (M.D. Fla. Nov. 16, 2022) (reviewing

the plaintiff's "motion to assess damages" brought pursuant to Rule 55(b)(1) and denying the request because the motion was insufficient).

A party is not entitled to a default judgment merely because a clerk's default has been entered.  Instead, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which allegations are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Court is not convinced it has jurisdiction over Defendant because Plaintiff has not demonstrated proper service.  Before entering default judgment, a court must ensure that it has personal jurisdiction over the defendant.  Service of process is a jurisdictional requirement; therefore, courts lack jurisdiction over a defendant when the defendant has not been served. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).  Without personal jurisdiction and proper service, the court cannot enter default judgment.  *See In re Worldwide Web Sys.*, Inc., 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."); *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 (11th Cir. 1982) (reversing with directions to vacate default against party not properly served).

With respect to service, Plaintiff states that "Plaintiff properly served the summons and complaint to Defendant's Registered Agent, Corporation Service Company at 1201 Hays Street, Tallahassee, FL 32301.  Doc. 17 at 3 (citing Doc. 10).  Plaintiff then concludes that "[i]n accordance with Rule 4 of the Federal Rules of Civil Procedure, Plaintiff properly served

Defendants by delivering a copy of the summons and the complaint to CENTRY GOLF PARTNERS GP LLC'S registered agent." *Id*. (citing Fed.R.Civ.P. 4(a)(h(1)(B)).[1]

Despite Plaintiff's representation and citation to the docket, the record does not reflect that the summons *and* the Complaint were served on Defendant. Instead, the proof of service only reflects that the process server served the summons. Doc. 10. For service to be effective "[a] summons must be served with a copy of the complaint." Fed.R.Civ.P. 4(c)(1). Because there is no evidence that Plaintiff served Defendant with a copy of the Complaint, *in addition to* the summons, Plaintiff has failed to carry his burden to show that the requirements for service have been satisfied. *See Reaves v. RCS Capital*, 2020 WL 7395558, at *2 (N.D. Ga. Jan. 8, 2020) (denying a motion for default judgment where an affidavit of service did not affirmatively state that the defendant's registered agent also was served with a copy of the complaint as required by Rule (c)(1)); *see also Sumner v. Premier Financial & Credit Services*, 2018 WL 6726541, at *2 (N.D. Ga. Oct. 3, 2018), *report and recommendation adopted by*, 2019 WL 8587213 (N.D. Ga. Nov. 25, 2019) (dismissing a complaint under Rule 4(m) as the amended affidavit of service "still" did not state that a copy of the complaint was served with the summons); *Seeberger v. Goodman*, 2015 WL 13659258, at *25 (D.N.M. Aug. 25, 2015) (finding service to be ineffective where the affidavits of service did not indicate that a copy of the complaint was delivered).

The Court notes that the "Proof of Service" is the second page of the AO 440 form, and the first page of that form refers to the "attached complaint." Docs. 3, 10. While there does not appear to be much guidance on the issue, there is at least one court that rejected an argument that

---

[1] Rule 4(a)(h)(1)(B) provides that a corporation, partnership, or association must be served by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

the AO 440 form's reference to the complaint on the first page should be deemed incorporated into the proof of service on the second page. *Midgett v. Cooper*, 2022 WL 795762 (M.D.N.C. March 16, 2022). The *Midgett* court found that the plaintiffs did not provide "authority for the contention that the second page of the Form AO 440 is sufficient to implicitly prove service of both the summons and the complaint." *Id*. at *1 (emphasis in original). The court determined that other courts require the affidavit to reflect service of both "if each is not explicitly stated on the second page of the Form AO 440" and, since the plaintiffs failed to file a separate affidavit from the process server attesting to service of the complaint, it was improper to rely on the Form AO 440 to prove service of the complaint. *Id*.

The Court agrees with *Midgett* and finds that the process server's representation to the Court on the second page of the AO 440 that the process server served only a summons on an individual who identified themselves as the person authorized to accept service does not persuade the Court that Plaintiff properly effected service. If Plaintiff renews his request for default judgment, he must demonstrate that he served Defendant with both the summons and the Complaint and more fully explain with citation to authority why service on Monalisa Hart, the person who accepted service, is proper. Plaintiff's conclusory statements that service was proper under Rule 4 does not assist the Court.

Further, the Motion is due to be denied because Plaintiff has not fully addressed the issues the Court identified in its Order denying the Initial Motion. In both of Motions for Default, Plaintiff claims entitlement to $45,675.54 and that figure is based on overtime. Docs. 14, 17, 17-1. In its denial, the Court found that the Initial Motion was inadequate because Plaintiff failed to address why his lost wages should be calculated with a projected overtime figure. Doc. 15 at 3. The Court also found that it was not clear why work performed after Plaintiff's termination—

categorized as "interim earnings"—did not cut off the total number of weeks claimed. *Id*. The Court found that if Plaintiff renewed the default judgment request, he must address entitlement to the claimed damages. *Id*. at 4.

Plaintiff has renewed the request but does not address, much less mention, why he is entitled to calculate his damages—including a request for back pay and front pay—based on past overtime under the applicable law. Plaintiff has not complied with the Court's directive to address the issue with citation to authority and the analysis on the issue of damages remains deficient.

Plaintiff has also not adequately addressed the Court's concern regarding interim earnings. In the renewed request, Plaintiff cites one case for the general proposition that if a former employee cannot find substantially equivalent employment, he may accept noncomparable employment. Doc. 17 at 11 (citing *E.E.O.C. v. Joe's Stone Crab, Inc.*, 15 F.Supp.2d 1364, 1378 (S.D. Fla. 1998)). The Court understands that it is Plaintiff's position that his subsequent employment with Disney is not comparable because his compensation is substantially lower, but Plaintiff does not address, why the "seasonal" employment at the Marriot International, where he earned over $5,000.00 in one month, does not cut off entitlement to subsequent damages. Again, as stated in the Court's December 17, 2024 Order (Doc. 15 at 3, 4), the Court is not stating that the relief is unavailable, but Plaintiff must provide more information **and** citation to authority in support of the requested amount. Plaintiff simply has not addressed entitlement to the claimed damages under the applicable law in compliance with the Court's December 17, 2024.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 17) is **DENIED without prejudice**; and

2. **On or before April 11, 2025**, Plaintiff may file another motion for default judgment in accordance with this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

**Failure to file the motion for default judgment within the allotted time may result in the dismissal of this action for failure to prosecute without further notice**.

**ORDERED** in Orlando, Florida on March 24, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE