# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RYAN MACYS,**

      **Plaintiff,**

v.                                       **Case No: 6:24-cv-1669-WWB-DCI**

**CENTURY GOLF PARTNERS GP LLC,**

      **Defendant.**

_____/

## ORDER

By Order dated March 24, 2025, the Court denied Plaintiff's Second Motion for Final Default Judgment (the Second Motion) because Plaintiff had not demonstrated proper service. Doc. 18. Pending before the Court is Plaintiff's Third Motion for Final Default Judgment brought pursuant to Federal Rule of Civil Procedure 55(b)(1). Doc. 19 (the Third Motion). Even though the Motion is unopposed, the Court finds that Plaintiff has still not shown that Defendant was properly served.

Service of process is a jurisdictional requirement; therefore, courts lack jurisdiction over a defendant when the defendant has not been served. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Without personal jurisdiction and proper service, the court cannot enter default judgment. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."); *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 (11th Cir. 1982) (reversing with directions to vacate default against party not properly served).

With respect to Plaintiff's Second Motion, Plaintiff stated that "Plaintiff properly served the summons and complaint to Defendant's Registered Agent, Corporation Service Company at 1201 Hays Street, Tallahassee, FL 32301." Doc. 17 at 3 (citing Doc. 10). Plaintiff concluded that "[i]n accordance with Rule 4 of the Federal Rules of Civil Procedure, Plaintiff properly served Defendants [sic] by delivering a copy of the summons and the complaint to CENTURY GOLF PARTNERS GP LLC'S registered agent." *Id*. (citing Fed.R.Civ.P. 4(a)(h)(1)(B)).

The Court, however, found that the record did not reflect that the summons and the Complaint were served on Defendant and for service to be effective "[a] summons must be served with a copy of the complaint." Doc. 18 at 3 (citing Fed.R.Civ.P. 4(c)(1)). The Court explained that if Plaintiff renewed the request for relief, then Plaintiff must demonstrate that he served Defendant with **both** the summons and the Complaint **and** fully explain with citation to authority why service on Monalisa Hart, the person who accepted service, is sufficient. *Id*. at 4.

Plaintiff has renewed the request for default judgment in the Third Motion but has not complied with the Court's directive regarding proof of service. With respect to service of the summons and the Complaint, Plaintiff provides the Court with a "print out from Plaintiff's process server, ABC Legal, detailing the service history from submission to service." Doc. 19 at 3. Plaintiff contends that the exhibit "is a screenshot showing that both the summons and the Complaint were attached to the account for service." *Id*.

While Plaintiff does provide an email from Grace M. at noreply@abclegal.com which states "We can confirm that both the summons and complaint were served on the defendant" (Doc. 19-3 at 1) and Plaintiff also includes a document related to the status of service with the words "Documents Category: Summons and Complaint" (*id*. at 2), the Court is not satisfied that the exhibits are sufficient evidence of service. "Generally, an affidavit of the process server is required

to prove service." *Owl Creak Boat Works & Storage, Inc. v. Dejong & Lebet, Inc.*, 2025 WL 1333051, at 1 (M.D. Fla. April 30, 2025) (citing Fed.R.Civ.P. 4(l)) ("Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). Again, the process server's "Proof of Service" only reflects that the summons was served, and Plaintiff does not cite to any law to stand for the proposition that the Court may accept emails or screenshots as proof that Defendant was also served with the pleading. *See* Doc. 19. As such, the Court is not persuaded that Plaintiff is entitled to default judgment.

And, even if Plaintiff presented adequate proof that Plaintiff served both the Complaint and the summons, the Court still questions Monalisa Hart's ability to accept service on Defendant's behalf. According to the "Proof of Service," the process server "delivered the documents to Monalisa Hart who identified themselves as the person authorized to accept with identity confirmed by subject stating their name." Doc. 10. And Plaintiff contends that service on this individual was proper under Rule 4(h)(1)(B). Doc. 19 at 3 to 4.[1]

Rule 4(h)(1)(B) provides that a domestic corporation, partnership, or unincorporated association must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . .." Plaintiff argues that there is no individual registered agent, it is a corporation, and, therefore, a representative of the registered agent is permitted to accept service on the Defendant's behalf. *Id*. at 4

Monalisa Hart's representation that they were the authorized person does not, however, help the Court determine if Defendant was served pursuant to Rule 4(h)(1)(B). *See Nguyen v. Tampa Karaoke VIP, Inc.*, 2025 U.S. Dist. LEXIS 33603, at * 3(M.D. Fla. Feb. 25, 2025) (denying

---

[1] Plaintiff cites to Rule 4(a)(h)(1)(B) but the inclusion of (a) appears to be a typo. Doc. 19 at 3.

a plaintiff's motion for clerk's default because there was not enough information for the court to determine if the requirements of Rule 4(h)(1)(B) were met by delivering service on someone authorized to accept service because it was unclear who the person authorized was, the person's title, or how he was authorized to accept service on the defendant's behalf).  Here, the process server's statement regarding service provides no information whatsoever regarding Monalisa Hart's relationship with Defendant other than the "authorized to accept" representation.  Without citation to authority demonstrating that Monalisa Hart is a proper individual to be served or that such a statement regarding this individual alone is sufficient to satisfy Rule 4(h)(1)(B), the Court is not inclined to grant Plaintiff's request for relief.

Further, in Florida, service on a domestic or registered foreign limited liability company—like Defendant—may be achieved through service on its registered agent.  Fla. Stat. § 48.062(2).[2] Additionally, Florida Statutes section 48.091(4), regarding an LLC's designation of a registered agent, provides that "[a] person attempting to serve process pursuant to this section on a registered agent that is other than a natural person may serve the process on any employee of the registered agent."

Since Defendant's registered agent is Corporation Service Company, not a natural person, it appears that Plaintiff can serve Defendant through that entity's employee.  *See* www.sunbiz.org; Doc. 19-4.  The Proof of Service, however, does not reflect that Monalisa Hart is an employee of the registered agent.  *See* Doc. 10.  Again, since Plaintiff fails to provide any law to reflect that the

---

[2] "Under Federal Rule of Civil Procedure 4(h)(1), service on an unincorporated association such as an [sic] LLC may be effected pursuant to the law of the state in which the organization is located. . .."  *RCI TM Corp. v. R&R Venture Group, LLC*, 2015 WL 668714, at *3 (M.D. Fla. Jan. 27, 2015).

process server's limited statement regarding Monalisa Hart is sufficient to show proper service, the Court finds that Plaintiff has not established that relief is warranted.[3]

In sum, the Court is not persuaded that Plaintiff served Defendant with the summons **and** the Complaint **or** that service on Monalisa Hart is sufficient under the relevant law. To be clear, it may be that emails and screenshots of an exchange with the process server is sufficient proof, but Plaintiff needs to provide law in support of that position. Likewise, the process server's statement regarding service on Monalisa Hart may be enough under the law, but Plaintiff needs to provide an analysis and citation of authority to prove that is so.

The Court notes that it has denied Plaintiff's request for default judgment now three times for insufficient briefing and has twice rejected Plaintiff's contention that Defendant has been properly served. The Court will give Plaintiff one last opportunity to demonstrate proper service of the Complaint and the summons on Defendant but the failure to do so on the next attempt may result in dismissal pursuant to Federal Rule of Civil Procedure 4(m).

---

[3] Plaintiff does not provide an analysis regarding service pursuant to section 49.062 but generally refers the Court to *Accident Ins. Co. Inc. v. V&A Drywall & Stucco, Inc.*, 2020 WL 8187782, at *3 (M.D. Fla. Sept 1, 2020), and states that "[t]here is no individual named registered agent, therefore a representative of the registered agent is permitted to accept service on the Defendant's behalf." Doc. 19 at 4. As an initial matter, the registered agent for the defendant LLC in *V&A Drywall* was an individual and the case appears to be based on an older version of section 49.062 (*see* 2020 WL 8187782 at *3), so Plaintiff's reliance on the case is not entirely clear. In any event, in *V&A Drywall* the return of service for the defendant LLC specifically reflected that the individual registered agent was served through the agent's "secretary." *Id*. The court found that since the return of service stated that the plaintiff was served through an employee of the registered agent at the registered agent's office, service was proper under section 48.062(1). *Id*. But in the instant case, there is no statement regarding Monalisa Hart's relationship to Defendant. *See* Doc. 10. While Plaintiff claims that service on Monalisa Hart was proper because that individual is "a representative of the registered agent," Plaintiff cites to no law reflecting that the process server's generic statement regarding the authority to accept service is adequate proof of that representation or that service on Monalisa Hart was otherwise permitted.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 19) is **DENIED without prejudice**; and

2. **on or before August 1, 2025**, Plaintiff may file another motion for default judgment in accordance with this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court.  Plaintiff is reminded that the Court will not refer back to any other motion, legal memorandum, or brief (*see* Local Rule 3.01(f)).

**Failure to file the motion for default judgment within the allotted time may result in dismissal of this action for failure to prosecute without further notice.**

**ORDERED** in Orlando, Florida on July 21, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties